Martin, J.
On the 25th day of February, 1888, Joseph H. Beckwith was injured by a passing train on the defendant’s road at its intersection with Peterboro street, in the village of Oanastota, N. Y. The defendant’s road runs east and west through the village, and at right angles with Peterboro street. Its tracks are straight for about a mile and a half west of this crossing. There was a side track on the north, and from that direction the defendant’s through tracks were in the following order: first, number four; second, number three; third, number two, and fourth, number one. South of the defendant’s road was the track of the Elmira, Cortland & Northern Railroad The plaintiff lived near, and was .familiar with this crossing.
At about ten o’clock on the evening of this accident the plaintiff and his brother approached the crossing from the north, and stopped about twenty feet from track number four while a train was passing to the west on track number three. When that train had passed, they walked on to track number four, and were struck by an east bound train. There was a headlight on the engine. The train was moving at about twelve miles an hour. From the center of the side track the view west on track number four was unobstructed for a distance of about 635 feet. From a point between the side track and track number four it was unobstructed for about two miles. The night was cloudy, hazy and dark. A switch engine, upon which there was a headlight burning, stood" on the side track west of and facing the crossing. There were also several switch lights near. The train going west on track three was a long one, and made considerable noise.
On the trial the defendant moved for a nonsuit on the ground that the evidence of the defendant's negligence and plaintiff’s freedom from contributory negligence was insufficient to authorize the submission of those questions to the jury. The motion was denied and an exception taken. The plaintiff had a verdict. The defendant now asks for a reversal of the judgment and order denying a new trial, on the ground that the court erred in denying its motion for a nonsuit.
Thus, the question presented for review by this courtis, whether *293 there was sufficient evidence of the defendant’s negligence and plaintiff’s freedom from contributory negligence to justify the submission of those questions to the jury.
The negligence imputed to the defendant was, that it failed to sound the whistle or ring the bell upon its engine as the train approached this crossing. On the trial several witnesses, who were at or near the crossing at the time, testified that no whistle was sounded nor bell rung. The defendant’s witnesses testified that the whistle was blown for the station and the bell was rung for about eighty rods before reaching the crossing. Upon this proof we think the question whether the defendant was negligent in omitting to ring its bell or sound its whistle was a question of fact, and properly submitted to the jury.
A more difficult question is, whether there was sufficient pi’oof of the plaintiff’s freedom from contributory negligence. The burden of showing affirmatively, either by direct evidence or by surrounding circumstances, that the plaintiff was free from contributory negligence, was upon the plaintiff. Tolman v. Syracuse, Binghamton & New York R. R. Co., 98 N. Y., 203. But where there is any evidence, direct or inferential, of care or caution on the part of the person injured, the question of contributory negligence is for the jury. Greaney v. Long Island R. R. Co., 101 N. Y., 419. As was said by Ruger, Ch. J.: “ The question is, whether the injured party, under all the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. This rule must in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact for the jury. Parsons v. N. Y. C. & H. R. R. R. Co., 113 N. Y., 364; 22 N. Y. State Rep., 697.
In this case the plaintiff testified that he looked both ways before attempting to cross the defendant’s track; that he neither saw nor heard the approaching train. The evidence also discloses that the night was dark and hazy; that an engine with a headlight burning stood near and facing the crossing; that there were several switch lights in the neighborhood; that the train that had passed was making considerable noise, and there were several lights on the rear of the caboose. With this proof we do not think the court could have properly held, as a matter of law, that the plaintiff’s failure to see and avoid this train was such contributory negligence on his part as would release the defendant from liability for its negligence. Greaney v. Long Island R. R. Co., supra; Parsons v. N. Y. C. & H. R. R. Co., supra; Sperry v. N. Y. C. & H. R. R. Co., 104 N. Y., 652; 5 N. Y. State Rep., 574. We are of the opinion that the defendant’s motion for a nonsuit was properly denied.
We have examined the other exceptions in the case to which our attention has been called, but have found none that require special consideration or that disclose any error that would justify a reversal of the judgment.
Judgment and order affirmed, with costs.
Hardin, P. J., and Merwin, J., concur.